FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION          03 FEB 10 PM 1: 57

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 02-42129-JSS |
| | ) | Chapter 13 |
| LOTTIE TURNER, | ) | |
| | ) | |
| Debtor, | ) | |

=====================================================

| | | |
|---|---|---|
| CAPITAL ONE AUTO FINANCE, INC., | ) | |
| Appellant/Movant, | ) | |
| | ) | |
| v. | ) | MC NO. 02-G-2769-E |
| | ) | |
| LINDA B. GORE, Trustee | ) | |
| | ) | |
| Appellee/Respondant. | ) | |

ENTERED
FEB 10 2003

Memorandum Opinion

This action arrives before the court in a somewhat unusual procedural

posture.[1] Upon first review of the file it might appear that the action is before the court

upon the motion of Capital One Auto Finance, Inc. ("Capital One") for leave to appeal

filed in bankruptcy action BK O2-42129. That motion was filed in the bankruptcy court

on October 10, 2002. The matter is, however, clouded by the manner in which this

matter was transmitted to the district court by the clerk of the bankruptcy court. The

clerk of the bankruptcy court filed with the clerk of the district court a document entitled

"Certificate of Record on Appeal," which recited that it was in accordance with Rule

---

[1] At the outset it should be noted that the court has before it an appeal from the same order of the bankruptcy court that is the subject of the present matter. That appeal was taken by Linda B. Gore, Standing Trustee, and is before the court as Civil Action No. 02-G-2700-E.

8007(b), which governs appeals as of right.  However, the action was docketed in this

court as a motion for leave to appeal.[2]

Procedure in  bankruptcy appeals, in both the bankruptcy court and in the

district court, is governed by the Bankruptcy Rules ("Rules").  BR 1001.  The procedure

for taking bankruptcy appeals is specified in BR 8001.  Rule 1001(a) governs appeals as

of right and provides in pertinent part as follows:

> An appeal from a judgment, order, or decree of a bankruptcy judge
> to a district court . . . shall be taken by filing a notice of appeal with the
> clerk [of the bankruptcy court] within the time allowed by Rule 8002.

Rule 8001(b) governs appeals by leave of court and provides in pertinent part as follows:

> An appeal from an interlocutory judgment, order, or decree of a
> bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by
> filing a notice of appeal, as prescribed in subdivision (a) of this rule,
> accompanied by a motion for leave to appeal prepared in accordance with
> Rule 8003 . . . .

The Rules set up two separate and distinct procedures to be followed by the parties and

the clerk of the bankruptcy court depending upon whether an appeal is taken under Rule

8001(a) or (b).

Appeals taken under Rule 8001(b) are governed by Rule 8003.  That rule

sets forth the required content of the motion and provides that an adverse party may file

an answer in opposition within 10 days.  BR 8003(a).  Rule 8003 also provides the

---

[2] Nothing in this opinion is intended as criticism of the actions of the clerk of the
district court.  It is not the responsibility of the clerk to decipher confusing and
contradictory submissions.

procedure to be followed by the bankruptcy clerk in transmitting the matter to the district

court.  Rule 8003(b) provides as follows:

> The clerk [of the bankruptcy court] shall transmit the notice of
> appeal, the motion for leave to appeal and any answer thereto to the clerk
> of the district court . . . as soon as all parties have filed answers or the time
> for filing an answer has expired.  The motion and answer shall be
> submitted without oral argument unless otherwise ordered.

It should be noted that Rule 8003 does not provide for the transmittal of a record on

appeal.  The bankruptcy clerk in the present matter did not transmit the matter to district

court pursuant to Rule 8003, but rather filed a "Certificate of Record on Appeal" that

recites in part as follows:  "In accordance with Rule 8007(b), the undersigned Deputy

Clerk files with the Clerk of the United States District Court the attached true copies of

documents constituting the record and issues on appeal as prescribed by Rule 8006,

Rules of Bankruptcy Procedure: [checkmarks follow which indicate that the clerk was

transmitting all documents designated by the Appellee[3] and the transcript]."  Upon initial

review, the court was of the opinion that the certificate by the clerk of the bankruptcy

court represented a clerical error, and that the matter should be considered by the court as

having been transmitted pursuant to Rule 8003.  However, upon closer examination, it

seems that the matter was treated as an appeal as of right under Rule 8001(a) by the

---

[3]  This is clearly a clerical error since the matters transmitted were designated by
the Capital One Auto Finance, Inc., who was denominated as the Appellant in the case
style on the clerk's "Certificate of Record on Appeal."  This might have resulted from the
fact that Capital One is the Appellee with respect to the notice of appeal filed by Linda
B. Gore, Standing Trustee, which is now before the court in CV 02-G-2700-E.

bankruptcy court. On the day following the filing of the notice of appeal and motion for leave to appeal in the bankruptcy court, the clerk of that court entered a notice pursuant to Rule 8004 "that the Appellant shall comply with Rule 8006 . . . ." Rule 8006 provides in part as follows:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is latter, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

(Emphasis added). Rule 8006 by its own terms applies only to appeals taken with leave of court after the motion for leave to appeal has been granted. It, however, applies to appeals taken as of right taken under Rule 8001(a) immediately. Rule 8006 also makes it clear that the notice of appeal required to be filed under Rule 8001(b) is not considered to be effective as an appeal until after the court grants the motion for leave to appeal.

The bankruptcy clerk applied Rules 8004 and 8006 as if Capital One had filed a notice of appeal "as provided by Rule 8001(a)." Appellant also complied with the requirements of Rule 8006 as if its appeal were taken under Rule 8001(a). The docket in the bankruptcy court indicates that the motion for leave to appeal and the notice of appeal filed by Capital One were docketed separately and make no notation that the notice of appeal was "accompanied by a motion for leave to appeal" as Rule 8001(b) provides in cases where leave of court is required. The court notes that the notice of appeal was filed on October 10, 2002, at 4:37 p.m. and the motion for leave to appeal was filed one

4

minute later at 4:38 p.m.  In a temporal sense, therefore, the motion might be considered

to have "accompanied" the notice of appeal.  However, everything else points to the

conclusion that, for whatever reason, the parties and the bankruptcy clerk treated the

notice of appeal as having been filed under Rule 8001(a).

       The court notes that in the event a required motion for leave to appeal is

not filed, Rule 8003(c) provides that the district court may "grant leave to appeal or

direct that a motion for leave to appeal be filed."  The better practice in cases in which

the appellant believes in good faith that the appeal is from a final order would be for a

notice of appeal to be filed pursuant to Rule 8001(a).  Should the question of whether

leave of court was required arise, Rule 8003(c) provides a framework for resolving the

issue.  The court notes that Rules 8001(a) and (b) contain mandatory language.  Rule

8001(a) provides that appeals "permitted by 28 U.S.C. § 158(a)(1) or (a)(2)[4] shall be

taken by filing a notice of appeal . . . ."  (Emphasis added).  Rule 8001(b) provides that

appeals "permitted by 28 U.S.C. § 158(a)(3)[5] shall be taken by filing a notice of appeal

. . . accompanied by a motion for leave to appeal."  (Emphasis added).  This calls into

question the practice of filing both a notice of appeal under Rule 8001(a) and also a

motion for leave to appeal under Rule 8001(b).  Rule 8003(c) provides a safety valve

---

[4] Section 158(a)(1) permits appeals from "final judgments, order, and decrees."
Section 158(a)(2) permits appeals from interlocutory orders relating to time periods
under 11 U.S.C. §1121.

[5] Section 158(a)(3) permits the district court to hear appeals "with leave of the
court, from other interlocutory orders and decrees."

should leave of court be required. Parties believing in good faith that leave of court is required should file a motion for leave to appeal. Parties believing in good faith that no leave of court is required should simply file a notice of appeal.

Rule 1001 provides that the Bankruptcy Rules "shall be construed to secure the just, speedy and inexpensive determination of every case and proceeding." To return this matter to the bankruptcy court for further action would serve none of these ends. Therefore, in the interest of justice, speed and thrift, the court concludes that the transmittal from the bankruptcy court dated November 8, 2002, which resulted in the docketing of MC 02-G-2769-E, should be treated by the clerk of the district court as the transmittal of an appeal pursuant to Rule 8007(b). The certificate of the bankruptcy clerk states that it is pursuant to Rule 8007(b);[6] the procedure in the bankruptcy court prior to transmittal demonstrates that it was treated as an appeal as of right under Rule 8001(a); and the transmittal included those items designated by the appellant.

Bankruptcy Rule 8019 provides as follows: "In the interest of expediting decision or for other cause, the district court . . . may suspend the requirements or

---

[6] The court need not consider whether a certificate from the bankruptcy clerk that without question is the result of a clerical error should be given effect as worded. Neither of those circumstances is presented in the matter at hand. However, the court notes that as a general rule, the certificate accompanying the transmittal from the bankruptcy court should determine the initial status of the matter in the district court. The clerk of the bankruptcy court should take care that the certificate accompanying the transmittal is clear, unambiguous and correctly reflects the intent of the certifying clerk. The district court clerk should not be required to independently examine the transmittal to determine whether it comes as a motion for leave to appeal or as an appeal.

provision of the rules in Part VIII, except Rule 8001, 8002, and 8013, and may order

proceedings in accordance with the[7] direction." The court, pursuant to Rule 8019,

suspends the operation of any Rule to the extent necessary to allow this matter to be

docketed immediately in this court as an appeal. Accordingly, the clerk of the district

court shall in accordance with Rule 8007(b) enter the appeal in the docket and provide

the notice specified. If necessary, the appeal may be docketed as a new civil action.

Once the appeal is docketed, the parties may file appropriate motions

should the record on appeal as certified by the bankruptcy clerk be incomplete or

otherwise defective. The court will also consolidate this appeal with Civil Action No.

02-G-2700-E. The consolidation of appeals will not, however, operate to delay the

consideration by the court of CV 02-G-2700-E. In the interest of justice and in the

interest of expediting a decision, the court will, pursuant to Rule 8019, suspend the

operation of Rule 8009 in the newly docketed appeal unless any party files an objection

within 10 days of the entry of this order, setting forth the reason additional briefs are

necessary.

An appropriate order will be entered contemporaneously herewith.

DONE this _10th_ day of February 2003.

_____

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[7] The above is taken from the 2002 West Supplementary Pamphlet. In the 1984 bound volume, this portion of the rule reads "in accordance with *its* direction." (Emphasis added).